UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY L. WILLIAMS )
PLAINTIFF )
)
V )
)
CHRIS MARDER )
DEFENDANT )
WILLIAM WEINSHEIMER )
DEFENDANT )
MICHAEL COTTLE )
DEFENDANT )
JAMES MONTAGUE )
DEFENDANT )

**FILED**

JUN 1 7 2011 **NF**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

11cv4136
Judge Ronald A. Guzman
Magistrate Sidney I. Schenkier

## COMPLAINT

I WAS A REGISTERED NURSE FOR FOURTEEN AND HALF YEARS (14 ½) FOR MR. & MRS S. SDWARD MARDER OF 2323 LINDEN AVE, HIGHLAND PARK, ILLINOIS 60035.

MY CONTRACT WAS WITH MR. S. EDWARD MARDER PERFORMING NURSING CARE TO MRS. LESTINE MARDER AND SCHEDULING NURSE SERVICES. AFTER THE DEATH OF MRS. LESTINE MARDER IN AUGUST 2002, MR. S. EDWARD MARDER CONTRACTED ME TO STAY ON AND INCREASED MY RESPONSIBILITIES. I BECAME NURSE MANAGER FOR MR. S. EDWARD MARDER WHO LIVED ALONE. THIS POSITION I FILLED FROM 2002 TO FEBRUARY 7, 2006.

DEFENDANT CHRIS MARDER 'S FATHER (S. EDWARD MARDER) WAS PAST OWNER OF ECKO PRODUCTS, LATER SOLD TO AMERICAN HOME PRODUCTS S. EDWARD MARDER WAS CEO IN AN INVESTMENT GROUP WHICH INCLUDED DEFENDANT CHRIS MARDER, DEFENDANT MIKE COTTLE, DEFENDANT WILLIAM WEINSHEMIER AND TRUST DEPARTMENT OF BANK OF AMERICA

S. EDWARD MARDER RULED WITH AN IRON FIST. HE WAS DIS-LIKED BY DEFENDEANT CHRIS MARDER . DEFENDANT REFUSED TO JOIN S. EDWARD IN MANAGING THE DAY TO DAY OPERATION OF THE BUSINESS AND HOUSEHOLD. DEFENDANT CHRIS MARDER WAS A SON OF LESTINE MARDER FROM A PREVIOUS MARRAGE.

2003 S. EDWARD MARDER TRAVELLING INCREASED, KEPT ALL THE NURSES, REMOLD HIS HOME, AND KEPT HOUSEKEEPING AND COOKING STAFF AND BEGIN DATING. DEFENDANT MARDER COMPLIMENTED PLAINTIFF ON GOOD WORK WITH FATHER AND HOUSEHOLD MANAGEMENT. DEFENDANT KNOWING KNEW THE ARRAGEMENT AND WAS SATISFIED WITH THE CONTRACT BETWEEN S.EDWARD MARDER AND PLAINTIFF. DEFENDANT SAID AND I QUOTE "IT'S DAD'S MONEY AND HE CAN SPEND IT LIKE HE WANT"

2003 DEFENDANT MARDER, MIKE COTTLE, WILLIAM WEINSHEMIER MET WITH S. EDWARD TO REDUCE PLAINTIFF SALARY, S. EDWARD MARDER REFUSED AND REFUSED IN FUTURE MEETINGS TO DO SO.

DEFENDANT CHRIS MARDER IN THE CRIMINAL TRAIL STATED HE FELT THREADEN BY PLAINTIFF.

COLLECTIVELY, DEFENDENTS MARDER, MIKE COTTLE AND BILL WEINSHEIMER CONSPIRED TO STOP THE SPENDING WITHOUT LOOSING FAVOR WITH FATHER. BY ELIMATING PLAINTIFF WHOM S. EDWARD RELIED ON AND TRUSTED.

2003 DEFENDANT'S FATHER HAD OPEN HEART SURGERY, AT THAT TIME TEMPORARY POWER OF ATTORNEY'S WAS GIVEN TO ONLY RELATIVE THE DEDENDANT. PLAINTIFF WAS NAMED AS ONE TO CONSULT WITH IN RESPECT TO DISCISIONS IN HEALTH CARE.

S. EDWARD MARDER MADE IT CLEAR THAT HE DID'T WANT ANYTHING CHANGE IN HIS HOUSEHOLD.

DEFENDANT IS RETRO-ACTIVELY (2003) USING POWER OF ATTORNEY TO DENY PLAINTIFF ESTABLISHED CONTRACT AND OTHER TRANACTIONS BETWEEN S. EDWARD MARDER AND PLAINTIFF.

AT NO TIME DID DEFENDANT CHALLENG HIS FATHER AUTHORITY BETWEEN 2003-2005. MR. S. EDWARD MARDER WAS COMPENTENT, NEVER RULED INCOMPENTENT AND MANAGED EVERYONE IN HIS EMPLOYMENT.

DEFENDANT CHRIS MARDER FATHER THREATEN TO CUT HIM OUT OF HIS WILL, THREATEN TO FIRE MIKE COTTLE,CPA, OF WHICH HE DID (2005), AND TO FIRE TRUST ATTORNEY WILLIAM WEINSHEIMER.

2006 FEBRUARY PLAINTIFF WAS SERVED NOTICE FROM DEFENDANT MARDER OF IMMEDIATELY TERMINATION. CIVICAL AND CRIMINAL CHARGES WAS BROUGHT AGAINST ME AND AN ORDER OF PROTECTION , SEARCH WARRANT OF PROPERTY FOLLOWED BY PLAINTIFF ARREST. DEFENDANT CHRIS MARDER USED HIS POSITION AS LAWYER AND USED THE JUDICIAL SYSTEM TO DISCREDIT PLAINTIFF. TWO COUNTS OF FINANCIAL EXPLORTATION OF AN ELDERLY PERSON AND ONE COUNT OF CRIMINAL NEGLECT OF AN ELDERLY PERSON.



MARCH 16, 2006 BOND WAS SET AT A MILLION DOLLAR AND I WAS JAILED IN LAKE COUNTY, ILLINOIS. I WAS ACCUSED OF KNOWINGLY AND ILLEGALLY USING ASSETS OF S. EDWARD MARDER AND THEFT OF OVER ONE HUNDRED THOUSAND DOLLARS. BOND WAS REDUCED AND AFTER ONE WEEK I WAS RELEASED ON TWENTY THOUSAND AND PLACE ON HOUSE ARREST INDEFINITELY WITH WEEKLY DRUG TESTING. LICENSE AS A REGISTERED NURSE SUSPENDED.

DECEMBER 2009 I WAS TAKEN OFF PROBATION AND DRUG TESTING. JULY 30, 2010 AFTER FOUR AND HALF YEARS, THREE JUDGES, SIX PROSECUTORS I WAS FOUND NOT GUILTY OF ALL CHARGES.

I HAVE BEEN WRONGED, I HAVE BEEN VIGOROUSLY VIOLATED AND PUBLICLY HUMILATED.

Mary L. Williams
10110 Donnay Drive
Reno, Nevada 89521
775-853-7049



DEFENDANT CHRIS MARDER INTENTIONALLY AND MALICOUSLY SET-OUT TO CHANGE HIS FATHER'S LIFE STYLE BY USING PLAINTIFF AS THE SACRIFICIAL LAMB. HE WAS COLD, CALCULATING AND NON-CARING, SEEKING TO CONTROL DEVOR , DISTROY AND TO PUBLICLY HUMILATE PLAINTIFF. ACCUSING PLAINTIFF OF INTERFERING WITH PERSONAL LIBERTIES, COMMITTING WILLFUL DEPRIVATIONS THEREBY COMMITTING CRIMES.

DEFENDANT CHRIS MARDER 'S FATHER THREATEN TO CUT HIM OUT OF HIS WILL.

AS THE RESULT OF DEFENDANT ACTIONS PLANTIFF WAS ARRESTED, JAILED , LICENSE WAS SUSPENDED., ACCUSED OF KIDNAPPING,STEALING AND OVER-CHARGING

DEFENDANT CHRIS MARDER ACCUSED PLAINTIFF OF COOPERATING AND ACTING IN CONCERT WITH OTHERS IN FINANCIAL MATTERS, PERCEIVED TO IMPLY A CONSPIRACY.

DEFENDANT CHRIS MARDER CONSPIRED WITH OTHERS TO PREVENT PLAINTIFF COMPENSATIONS AND BEQUEATHAL GIFTS.

AS THE RESULT OF DEFENDANT ACTIONS , PLAINTIFF HAS HAD TO BE \ TREATED FOR PHYSICAL AND MENTAL STRESS.

DEFENDANT MIKE COTTLE CONSPIRED WITH DEFENDANT CHRIS MARDER IN BLOCKING S. EDWARD MARDER LIFE STYLE. FELT PLAINTIFF WAS RESPONSIBLE FOR HE BEING TERMINATED.

DEFENDANT COTTLE PREJUDICIOUSLY SOUGHT TO REDUCE PLAINTIFF SALARY, SHOWING HOSTILITY, VERBAL ABUSE OVER PLAINTIFF COMPENSATION AND POSITION.

PURPOSELY FAILED TO POINT OUT TO S. EDWARD MARDER 'S TRUSTEES THAT HE HAD RECORDS TO SHOW PLAINTIFF EARNINGS FOR 24-7 HOURS WORK ,WITH INCREASE RESPONSIBILITIES AND EXTENDED TRAVEL WITH S. EDWARD MARDER..

COMPLAINTED AND PARTICIPATED WITH OTHERS TO MINIMIZE PLAINTIFF JOB DESCRIPTION WHICH PLAINTIFF HAD CONTRACTED WITH S. EDWARD MARDER.





DEFENDANT WILLIAM (BILL) WEINSHEIMER, TRUST ATTORNEY WAS THREATEN TO BE FIRED BY S. EDWARD MARDER BECAUSE HE TOOK TO LONG CLOSING THE ESTATE OF MRS. LESTINE MARDER DEFENDANT WEINSHEIMER CONSPIRED WITH DEFENDANT CHRIS MARDER AN ALREADY ANGERY SON.

DEFENDANT WEINSHEIMER REFUSED TO PUT IN A FINAL OR FINISH FORM REQUEST OF S. EDWARD MARDER REGARDING ESTATE REVISION, HE BECAME UNAVAILIBLE. BELIEVE TO HAVE CONSPIRED WITH ANGERY SON. DEFENDANT WEINSHEIMER STATED HE NEVER HEARD OF SUCH A LARGE GIFT OF THREE MILLION GIVEN TO A NURSE.

DEFENDANT WEINSHEIMER CONSPIRED WITH OTHERS TO BLOCK S. EDWARD MARDER 'S LIFE STYLE AND EXPRESSED WISHES. DEFENDANT FELT INTIMATED BECAUSE HE WAS REQUESTED BY S. EDWARD MARDER TO TERMINATE A FRIEND DEFENDANT MIKE COTTLE.



DEFENDANT JAMES MONTAGUE IN THE TRUST DEPARTMENT OF BANK OF AMERICA CONSPIRED TO REPLACE PLAINTIFF BY HIRING AN AGENCY WHO ACCUSED PLAINTIFF OF MAL-PRACTICE AND NEGLECT OF AN ELDERLY PERSON, CAUSING PLAINTIFF TO LOOSE REPUTATION AND LICENSE INDEFINITELY AS A REGISTERED NURSE.





PLAINTIFF SEEK LOSSES SUFFERED AS A DIRECT RESULT OF ABUSES OF:

1. LOST OF WAGES
2. ATTORNEY'S FEES
3. LOST OF PROPERTY
4. PROPERTY DAMAGE
5. TRAVELLING EXPENSES
6. BEQUESTHAL GIFT

INCOME LOSSES (WAGES)
FEBRUARY 2006 THRU AUGUST 16,2007
18 MONTHS @ 3,600.00 A WEEK
WORKED @ 48 HOURS @ $75.00
YEARLY---     $100,872.00
6 MON THS    936,000.00
                    200,808.00

LOST WAGES FOR YEARS 2008, 2009, AND 2010

    $500,616.00


ATTORNEY'S FEES 2006-2010  CIVIL AND CRIMIAL

    200,000.00        PRESENT FEES_____


TRAVEL AND ACCOMODATIONS 2006-2010

    $25,000.00


BEQUESTHAL GIFT

    3 MILLON DOLLARS


PERPERAL LOSSES


    HOUSE 400,000.00
PAIN & SUFFERING    2 MIILLON DOLLARS



        PLAINTIFF :   6 MILLON 6 HUNDRED THOUSANDS
        ATTORNEY FEES :   3 MILLON DOLLARS

            TOTAL :    9 MILLON,6 HUNDRED THOUSAND DOLLARS

I WAS A REGISTERED NURSE FOR FOURTEEN AND HALF YEARS (14 ½)
FOR MR. & MRS S. SDWARD MARDER OF 2323 LINDEN AVE, HIGHLAND
PARK, ILLINOIS 60035.

MY CONTRACT WAS WITH MR. S. EDWARD MARDER PERFORMING NURSING
CARE TO MRS. LESTINE MARDER AND SCHEDULING NURSE SERVICES.
AFTER THE DEATH OF MRS. LESTINE MARDER IN AUGUST 2002, MR. S. EDWARD
MARDER CONTRACTED ME TO STAY ON AND INCREASED MY RESPONSIBILITIES.
I BECAME NURSE MANAGER FOR MR. S. EDWARD MARDER WHO LIVED ALONE.
THIS POSITION I FILLED FROM 2002 TO FEBRUARY 7, 2006.

DEFENDANT CHRIS MARDER 'S FATHER (S. EDWARD MARDER) WAS PAST
OWNER OF ECKO PRODUCTS, LATER SOLD TO AMERICAN HOME PRODUCTS
S. EDWARD MARDER WAS CEO IN AN INVESTMENT GROUP WHICH INCLUDED
DEFENDANT CHRIS MARDER, DEFENDANT MIKE COTTLE, DEFENDANT WILLIAM
WEINSHEMIER AND TRUST DEPARTMENT OF BANK OF AMERICA

S. EDWARD MARDER RULED WITH AN IRON FIST. HE WAS DIS-LIKED BY
DEFENDEANT CHRIS MARDER . DEFENDANT REFUSED TO JOIN S. EDWARD
IN MANAGING THE DAY TO DAY OPERATION OF THE BUSINESS AND HOUSEHOLD.
 DEFENDANT CHRIS MARDER WAS A SON OF LESTINE MARDER FROM A PREVIOUS
MARRAGE.

2003 S. EDWARD MARDER TRAVELLING INCREASED, KEPT ALL THE NURSES,
REMOLD HIS HOME, AND KEPT HOUSEKEEPING AND COOKING STAFF AND
BEGIN DATING. DEFENDANT MARDER COMPLIMENTED PLAINTIFF ON GOOD
WORK WITH FATHER AND HOUSEHOLD MANAGEMENT. DEFENDANT KNOWING
KNEW THE ARRAGEMENT AND WAS SATISFIED WITH THE CONTRACT BETWEEN
S.EDWARD MARDER AND PLAINTIFF. DEFENDANT SAID AND I QUOTE "IT'S DAD'S
MONEY AND HE CAN SPEND IT LIKE HE WANT"

2003 DEFENDANT MARDER, MIKE COTTLE, WILLIAM WEINSHEMIER MET WITH
S. EDWARD TO REDUCE PLAINTIFF SALARY, S. EDWARD MARDER REFUSED AND
REFUSED IN FUTURE MEETINGS TO DO SO.

DEFENDANT CHRIS MARDER IN THE CRIMINAL TRAIL STATED HE FELT THREADEN
BY PLAINTIFF.

COLLECTIVELY, DEFENDENTS MARDER, MIKE COTTLE AND BILL WEINSHEIMER
CONSPIRED TO STOP THE SPENDING WITHOUT LOOSING FAVOR WITH FATHER.
BY ELIMATING PLAINTIFF WHOM S. EDWARD RELIED ON AND TRUSTED.

2003 DEFENDANT'S FATHER HAD OPEN HEART SURGERY, AT THAT TIME
TEMPORARY POWER OF ATTORNEY'S WAS GIVEN TO ONLY RELATIVE THE
DEDENDANT. PLAINTIFF WAS NAMED AS ONE TO CONSULT WITH IN RESPECT
TO DISCISIONS IN HEALTH CARE.

VI

ILLINOIS PERSONAL ACTIONS   STATUE OF LIMINATION

A.  735ILCS 3/13-202      ACTIONS FOR DAMAGES FOR PERSONAL INJURIES, FALSE IMPRISONMENT, MALICIOUS PROSECUTION.

D   735ILCS 5/13-214.1    DAMAGES ARISING OUT OF CRIMINAL ACTS

E.  735 ILCS-5/13-203.1   LOSS OF MEANS OF SUPPORT, RESULT IN REAL ESTATE LOSSES

F.  F735 ILCS 5/13 – 205  ACTION TO RECOVER PERSONAL PROPERTY I HAD AN ORAL CONTRACT – DAMAGES TO LOSS OF TRANSPORATION- POSSESSORY ACTION RESULT IN CIVIL ACTIONS LEADING TO CRIMINAL ACTIONS.

HEALTH CARE MAL-PRACTICE - RESULTED IN LOSS OF LICENSE

2- COUNTS OF FINANCIAL EXPLORATION OF AN ELDERLY PERSON

1- COUNT OF CRIMINAL NEGLECT OF AN ELDERLY PERSON

******-HE HAS ABUSED HIS POWER AND VIOLATED MY RIGHTS***********

PLAINTIFF, MARY L. WILLIAMS HAS ESTABLISH RESIDENCE IN RENO, NEVADA. AFTER PARTICIPATING IN A CIVIL TRIAL AND FOUR AND HALF (4 ½) YEARS CRIMIAL TRIAL, CONSISTING OF THREE (3) JUDGES AND SIX (6) PR0SECUTORS, PLAINTIFF CRIMICAL LAWYER AGREES, THAT DEFENDANT (CHRIS MARDER) A PRACTICING ATTORNEY, WHO LIVES IN LAKE FOREST, ILLINOIS AND PRACTICE IN WAUKEGAN, ILLINOIS (LAKE COUNTY), HAS AN UNFAIR ADVANCE IN THE CIRCUIT COURT OF THE 19TH JUDICAL CIRCUIT OF LAKE, ILLINOIS.

PLAINTIFF MARY L. WILLIAMS DO NOT FEEL SHE CAN GET A FAIR JUDGEMENT IN THE ILLINOIS STATE COURT.

## LOSSES

I ASK THE COURT TO GRANT THE FOLLOWING TO PLAINTIFF:

I DO NOT ASK FOR GRATITUDE FOR MY YEARS (14 ½) OF DEDICATED SERVICE TO CHRIS MARDER FATHER AND MOTHER ( S.EDWARD & LESTINE MARDER) NOW DECEASED. I WOULD APPRECIATE REGAINING HEART-SICKENING LOSSES OF:

INCOME LOSSES (FEBRUARY 2006 THRU AUGUST 16, 2007, INCLUDING TRAVEL, SICK DAYS VACATION TIME AND BONUSES.

LEGAL FEES COSTING NEARLY 2 HUNDRED THOUSAND DOLLARS

BEQUEATHAL GIFT FROM S.EDWARD MARDER ESTATE REVISION THREE MILLION DOLLARS.

PERIPERAL LOSSES

LICENSE SUSPENSION (INDEFINITELY)